IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD BRIAN STRASSER, 1023163, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:08-CV-2252-K |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.   Procedural Background**

Petitioner challenges his convictions for aggravated assault of a public servant and attempted escape. *State of Texas v. Richard Brian Strasser*, No. 15-652 (35th Jud. Dist. Ct., Brown County, Feb. 7, 2001). On February 7, 2001, Petitioner pled guilty to the charges. He was sentenced to twenty-five years on the aggravated assault conviction and fifteen years for attempted escape. On June 27, 2002, the Eleventh District Court of Appeals affirmed the conviction and sentences. *Strasser v. State*, 81 S.W.3d 468 (Tex. App. – Eastland, June 27, 2002, pet ref'd).

On April 4, 2007, Petitioner filed a petition for out-of-time petition for discretionary review. On September 12, 2007, the Court of Criminal Appeals granted the petition. *Ex parte Strasser*, No. AP-75,752. On January 2, 2008, Petitioner filed his petition for discretionary review. On March 12, 2008, the Court of Criminal Appeals denied the petition. *In re Strasser*, PD-1499-07.

On May 15, 2008, Petitioner filed a state habeas petition. *Ex parte Strasser*, No. 54,930-01. On September 10, 2008, the Court of Criminal Appeals denied the petition without written order.

On December 8, 2008, Petitioner filed this § 2254 petition. He argues:

1. His guilty plea was involuntary because defense counsel failed to explain to the court that Petitioner needed the testimony of his co-defendants to show he was not guilty and without that testimony he was forced to plead guilty;

2. Defense counsel rendered ineffective assistance of counsel during the punishment phase.

## II. Discussion

### 1. Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.   Guilty Plea/Ineffective Assistance of Counsel**

Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). The record shows Petitioner stated in open court that he understood the charges against him and that his range of punishment was five years to life in prison. (Plea Tr. at 4-5.) He admitted the allegations in the indictment were true. (*Id*. at 18.) He stated he was pleading guilty because he was in fact guilty and for no other reason. (*Id*. at 15.) He also agreed he was satisfied with his attorney's performance. (*Id*. at 8.)

Prisoners challenging their guilty pleas must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"). In this case, Petitioner signed judicial confessions and stipulations of evidence in each case stating that he was guilty of all charges. (Clerk's Record at 43-48.) Petitioner has failed to show that his guilty pleas were involuntary.

Further, to sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In this case, a hearing was held on Petitioner's pre-trial motions. At the hearing, both co-defendants' Fifth Amendment rights were invoked and they did not testify. Petitioner states that without his co-defendants' testimony, he could not show he was not guilty and was therefore forced to plead guilty. He argues his counsel should have informed the court of the need for his co-defendants' testimony so that the court could resolve this issue.

Petitioner has failed to show his counsel was ineffective for failing to inform the court that Petitioner was not guilty of the charges and that he needed the testimony of his co-defendants to show that he was not guilty. The record clearly reflects that the court asked Petitioner whether he was pleading guilty to the charges because he was in fact guilty and Petitioner responded "Yes, sir." (Plea Tr. at 15.) Further, although Petitioner states the co-defendants would have testified that Petitioner was innocent of the charges, he has submitted no evidence that the co-defendants' testimony would have exonerated him in any way. *See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ( "hypothetical or theoretical testimony will not justify the issuance of a writ . . . .").

Petitioner also argues his counsel induced him to plead guilty by stating he would forcefully argue to the jury that Petitioner should be sentenced to probation rather than jail time. Petitioner states his counsel failed to make an effective punishment argument and also admitted to the jury that Petitioner should serve jail time. Petitioner, however, stated in open court that no one promised him anything in exchange for his guilty plea. (Plea Tr. at 14.) He also does not allege that he was promised a sentence of probation. Petitioner has failed to show his guilty plea was not knowingly and voluntarily entered.

3.      **Sentencing Phase**

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 5**

Petitioner argues he received ineffective assistance of counsel during the punishment phase of his trial. He states his counsel failed to adequately challenge the admissibility of extraneous offenses, failed to defend Petitioner against the state's allegations that Petitioner committed misconduct while in the county jail and failed to adequately argue that Petitioner should receive probation rather than jail time.

The Court has determined that Petitioner knowingly and voluntarily entered his guilty plea. Once a guilty plea has been entered, all nonjurisdictional defects are waived. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)(citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)). This waiver includes all claims of ineffective assistance of counsel, except those claims that relate to the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682 (citations omitted). Petitioner's sentencing phase claims do not relate to the voluntariness of the plea. His claims are therefore waived.

**4.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 9th day of May, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).